UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| LEIHINAHINA SULLIVAN,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>FEDERAL BUREAU OF PRISONS,<br>UNITED STATES ATTORNEY DISTRICT<br>OF HAWAII,<br><br>　　　　　Defendants. | CIV. NO. 20-00269 LEK-KJM |

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS THE**
**SECOND AMENDED COMPLAINT, FILED 12/21/20 [DKT. NO. 28]**

On December 7, 2020, Plaintiff Leihinahina Sullivan ("Sullivan") filed her Second Amended Complaint ("Second Amended Complaint") against Defendants United States Attorney District of Hawai`i ("U.S. Attorney's Office") and Bureau of Prisons Honolulu Federal Detention Center ("BOP") (collectively "Defendants"). [Second Amended Complaint filed 12/07/20 (dkt. no. 25).] Sullivan proceeds in this matter *pro se*. In her Second Amended Complaint, she alleges violation of the federal law, as set forth in 5 U.S.C. § 552a ("Privacy Act"), for disclosing her medical and psychiatric records ("Count I"), and violation of her Fourth and Fourteenth Amendment rights for disclosing her medical and psychiatric records without her

informed consent or court order ("Count II").  [Second Amended Complaint at ¶¶ 12-21, 57, 96, 98, 103.]

In their Motion to Dismiss the Second Amended Complaint filed on December 21, 2020 ("Motion"), [dkt. no. 28,] Defendants seek dismissal of the Second Amended Complaint with prejudice on the basis that Sullivan fails to state a claim for Count I, and impermissibly added Count II after the Amended Complaint was dismissed "with leave to amend her Privacy Act claims, . . . ." and "the constitutional tort claims alleged in Count [II] exceed the scope of the permitted amendment and were added without leave of court or Defendants' consent . . . ." [Mem. in Supp. of Motion at 7, 15.]  They ask to strike Count II or, in the alternative, to dismiss for failure to state a claim. [Id. at 15-16.]

As set forth below, the Motion is denied because, as liberally construed given Sullivan's *pro se* status, the Second Amended Complaint states claims plausible on its face.

## DISCUSSION

Rule 12(b)(6), Fed. R. Civ. P.,

> authorizes the Court to dismiss a complaint that fails "to state a claim upon which relief can be granted."  Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The Court may dismiss a complaint either because it lacks a cognizable legal theory or because it lacks sufficient factual

2

> allegations to support a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).
>
> In resolving a Rule 12(b)(6) motion, the Court must accept all well-pleaded factual allegations as true and construe them in the light most favorable to the plaintiff. Sateriale v. R.J. Reynolds Tobacco Co., 697 F.3d 777, 783 (9th Cir. 2012). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Mere conclusory statements in a complaint or "formulaic recitation[s] of the elements of a cause of action" are not sufficient. Twombly, 550 U.S. at 555, 127 S. Ct. 1955. Thus, the Court discounts conclusory statements, which are not entitled to a presumption of truth, before determining whether a claim is plausible. Iqbal, 556 U.S. at 678, 129 S. Ct. 1937. However, "[d]ismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." Harris v. Cty. of Orange, 682 F.3d 1126, 1131 (9th Cir. 2012) (citation omitted).

Avila v. Sheet Metal Workers Loc. Union No. 293, 400 F. Supp. 3d 1044, 1054 (D. Hawai`i 2019) (alterations in Avila).

An additional factor is that Sullivan is proceeding *pro se*, and this Court must liberally construe her filings. See Blaisdell v. Frappiea, 729 F.3d 1237, 1241 (9th Cir. 2013) ("Courts in this circuit have an obligation to give a liberal construction to the filings of pro se litigants." (citations omitted)). Further, a *pro se* party is "h[e]ld to

3

less stringent standards than" the standards applicable to attorneys.  See Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).

After liberally construing her statements in the Second Amended Complaint, the Court concludes as to Count I that Sullivan has sufficiently provided factual matter that, when accepted as true, states a claim plausible on its face for violation of the Privacy Act.

Defendants seek to strike Count II for failure to comply with the Court's prior order solely permitting amendment of Sullivan's Privacy Act claim, and for failing to seek leave of court or Defendants' agreement to the amendment.  Court II is liberally construed as a constitutional claim for violation of the rights statutorily embodied in the Privacy Act and therefore Sullivan has neither violated the Court's order permitting amendment, nor was required to seek leave of court or agreement to the amendment by Defendants.  For the same reasons as stated for denying the Motion as to Count I, Count II also plausibly states a claim.  Even if it did not and Count II could be dismissed for failure to state a claim, the Court could not conclude that the Second Amended Complaint could not be saved by amendment and Sullivan necessarily would be permitted to amend to state the constitutional claim.  We thus proceed in a circle

and find ourselves at the same place, namely that the Second Amended Complaint stands as pled.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss the Second Amended Complaint, filed December 21, 2020, is DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, April 19, 2021.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**LEIHINAHINA SULLIVAN VS. FEDERAL BUREAU OF PRISONS, ET AL; CV 20-00269 LEK-KJM; ORDER DENYING DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT, FILED 12/21/20 (DKT. NO. 28)**