# MINUTE ORDER

CASE NUMBER:   CIVIL NO. 20-00269 LEK-KJM

CASE NAME:   Leihinahina Sullivan vs. Federal Bureau of Prisons et al.,

JUDGE:   Leslie E. Kobayashi         DATE:   09/02/2021

COURT ACTION:  EO: COURT ORDER DENYING PLAINTIFF'S "MOTION FOR LEAVE TO FILE THIS MOTION FOR RECONSIDERATION OF ECF NO. 56 PER FEDERAL RULE OF CIVIL PROCEDURE ('FRCP' OR 'RULE') 60(B)(6)"

  On August 10, 2021, the Order Denying Plaintiff's Motion for Summary Judgment and Granting Defendants' Motion for Summary Judgment was issued ("8/10/21 Order"). [Dkt. no. 56.] On August 19, 2021, pro se Plaintiff Leihinahina Sullivan ("Plaintiff") filed a document titled "Motion for Leave to File this Motion for Reconsideration of ECF No. 56 per Federal Rule of Civil Procedure ('FRCP' or 'Rule') 60(b)(6)." [Dkt. no. 57.] Plaintiff's filing is liberally construed as a motion for reconsideration of the 8/10/21 Order ("Motion for Reconsideration"). The Motion for Reconsideration is suitable for disposition without a hearing and without further briefing. See Local Rule LR7.1(d) (listing motions for reconsideration among the motions that "shall be decided without a hearing").

  The 8/10/21 Order was a case-dispositive order, and therefore Plaintiff's Motion for Reconsideration is "governed by Fed. R. Civ. P. 59 or 60, as applicable." See Local Rule LR60.1. Because no judgment has been issued in this case, Fed. R. Civ. P. 60 applies. See Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). Rule 60(b) states, in pertinent part: "On motion and just terms, the court may relieve a party or its legal representative from a final . . . order, or proceeding for the following reasons: . . . (6) any other reason that justifies relief." The Ninth Circuit has stated that, in order to prevail on a Rule 60(b)(6) motion, "a party must demonstrate extraordinary circumstances which prevented or rendered him unable to prosecute his case." Lal v. California, 610 F.3d 518, 524 (9th Cir. 2010) (brackets, citation, and internal quotation marks omitted).

  As to motions for reconsideration in general, this district court has stated:

> A motion for reconsideration must: (1) demonstrate reasons that the court should reconsider its prior decision; and (2) must set forth facts

> or law of a strongly convincing nature to induce the court to reverse its prior decision. Fisher v. Kealoha, 49 F. Supp. 3d 727, 734 (D. Haw. 2014). The Ninth Circuit has said that reconsideration may be appropriate if: (1) the district court is presented with newly discovered evidence; (2) the district court committed clear error or the initial decision was manifestly unjust; or (3) if there is an intervening change in controlling law. See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

Smith v. Frink, Civil No. 20-00377 SOM-RT, 2020 WL 7130511, at *2 (D. Hawai`i Dec. 4, 2020) (footnote omitted).

Plaintiff does not identify any newly discovered evidence, nor any intervening change in the law since the 8/10/21 Order was issued. Further, Plaintiff has failed to establish that there was clear error or manifest injustice in the 8/10/21 Order. Plaintiff merely disagrees with the 8/10/21 Order, and her disagreement is not a basis to grant reconsideration. See Fisher, 49 F. Supp. 3d at 735.

Plaintiff's Motion for Reconsideration is therefore DENIED. The Clerk's Office is DIRECTED to enter judgment immediately, pursuant to the 8/10/21 Order and this entering order.

IT IS SO ORDERED.

Submitted by: Agalelei Elkington, Courtroom Manager